United States District Court
Southern District of Texas

**ENTERED**

July 01, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CANDANCE BROOKS,                   §
                                   §
            Plaintiff,             §
                                   §
v.                                 §        CIVIL ACTION NO. H-26-3911
                                   §
PHH MORTGAGE CORPORATION           §
                                   §
            Defendant.             §

## MEMORANDUM OPINION AND ORDER

Candance Brooks ("Plaintiff") filed this action against PHH Mortgage Corporation ("Defendant") in the 157th Judicial District Court of Harris County, Texas, alleging a breach of contract claim and a claim under § 51.002 of the Texas Property Code.[1]  Pending before the court is Defendant's Motion to Dismiss ("Defendant's MTD") (Docket Entry No. 5).  For the reasons stated below, Defendant's MTD will be granted, and this action will be dismissed with prejudice.

---

[1]Plaintiff's Original Petition and Emergency Application for Temporary Restraining Order ("Original Petition"), Exhibit 4 to Defendant's Notice of Removal, Docket Entry No. 1-4, pp. 4, 7-10 ¶¶ 20-36.  All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

## I. **Background**

On June 24, 2004, Plaintiff executed a Note and Deed of Trust for the purchase of her home located at 8011 Glen Forest Ct., Houston, Texas 77061.[2]  Defendant alleges that Plaintiff defaulted on the loan.[3]

On March 26, 2026, Defendant filed a Notice of Foreclosure Sale in the Official Public Records of Harris County, Texas, stating that the property was scheduled for a foreclosure sale on May 5, 2026.[4]  Plaintiff alleges that Defendant posted her property for foreclosure without sending her Default Notice, Notice of Foreclosure, or Notice of Intent to Accelerate.[5]

On May 4, 2026, Plaintiff filed this action against Defendant in the 157th Judicial District Court of Harris County, Texas, alleging a breach of contract claim and a claim under § 51.002 of the Texas Property Code, and seeking declaratory and injunctive relief.[6]  That same day the 157th Judicial District Court of Harris County, Texas, granted Plaintiff's application for a temporary

---

[2]Id. at 5 ¶ 8; Defendant's MTD, Docket Entry No. 5, p. 1.

[3]Defendant's MTD, Docket Entry No. 5, p. 2.

[4]Id.

[5]Original Petition, Exhibit 4 to Defendant's Notice of Removal, Docket Entry No. 1-4, p. 6 ¶ 11.

[6]Id. at 4, 7-10 ¶¶ 20-36.

-2-

retraining order and prohibited the May 5, 2026, foreclosure sale.[7] On May 15, 2026, Defendants removed the action to this court based on diversity jurisdiction.[8]

On June 5, 2026, Defendant filed a motion to dismiss, arguing that Plaintiff has failed to state a claim upon which relief can be granted.[9]  Plaintiff has not filed a response.

## II.  **Analysis**

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

Pursuant to Local Rules 7.3 and 7.4, the Defendant's motion to dismiss is treated as unopposed because Plaintiff has not responded

---

[7]Order  Granting  Plaintiff's  Emergency  Application  for Temporary Restraining Order, Exhibit 4 to Defendant's Notice of Removal, Docket Entry No. 1-4, pp. 16–17.

[8]Defendant's Removal Notice, Docket Entry No. 1, pp. 1–2.

[9]Defendants' MTD, Docket Entry No. 5, p. 1.

to Defendant's motion within 21 days.[10]  Failure to oppose the motion is not in itself grounds for granting the motion, however. Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012).  The court must assess the legal sufficiency of the complaint to determine whether dismissal is warranted.  Id.

## A.    Plaintiff's Breach of Contract Claim Fails.

Plaintiff alleges that Defendant breached their contract by failing to provide her with notice of default.[11]  Defendant argues that Plaintiff has failed to state a claim because she failed to identify the specific provision in the Deed of Trust that requires Defendant to provide notice.[12]

"To prevail on a breach of contract claim under Texas law, a plaintiff must demonstrate '(1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'"  Cruz v. JPMorgan Chase Bank, N.A., Civil Action No. 7:18-CV-1, 2018 WL 689610, at *3 (S.D. Tex. Feb. 1, 2018)

---

[10]See Local Rules of the United States District Court for the Southern District of Texas, Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel.") and Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

[11]Original Petition, Exhibit 4 to Defendant's Notice of Removal, Docket Entry No. 1-4, pp. 7-9 ¶¶ 20-29.

[12]Defendant's MTD, Docket Entry No. 5, p. 4.

(quoting Sport Supply Group, Inc. v. Columbia Cas. Co., 335 F.3d 453, 465 (5th Cir. 2003)). The Fifth Circuit has explained that "a claim for a breach of a note and deed of trust must identify the specific contractual provision in the contract that was breached." Williams v. Well Fargo Bank, N.A., 560 F.App'x 233, 238 (5th Cir. 2014).

Although Plaintiff alleges that "the Deed of Trust states that [she] must be given notice of default,"[13] Plaintiff fails to identify the specific contractual provision in the contract that was breached. Plaintiff acknowledges her failure to perform under the loan by missing payment deadlines and does not specify what damages she suffered and how those damages were caused by a breach of contract.[14] Accordingly, Plaintiff has failed to state a breach of contract claim.

## B. Plaintiff's Claim Under § 51.002 of the Texas Property Code Fails.

Plaintiff alleges that Defendant failed to provide her notice of default and notice of acceleration, in violation of § 51.002 of the Texas Property Code.[15] Defendant argues that Plaintiff's claim fails because § 51.002 does not create a private right of action.[16]

---

[13]Original Petition, Exhibit 4 to Defendant's Notice of Removal, Docket Entry No. 1-4, p. 8 ¶ 23.

[14]Id. at 5 ¶ 10.

[15]Original Petition, Exhibit 4 to Defendant's Notice of Removal, Docket Entry No. 1-4, pp. 9-10 ¶¶ 30-36.

[16]Defendant's MTD, Docket Entry No. 5, pp. 5-6.

"Texas Property Code § 51.002 requires a lender to provide notice of default and intent to accelerate, specify the action required to cure the default, and give the debtor an opportunity to cure the default within a minimum of twenty (20) days." Carey v. Fargo, No. 15-cv-1666, 2016 WL 4246997, at *3 (S.D. Tex. Aug. 11, 2016). "However, Texas Property Code § 51.002 does not provide a private right of action." Jelks v. Lakeview Loan Servicing LLC, CIVIL ACTION NO. 4:25-cv-3123, 2025 WL 4076507, at *2 (S.D. Tex. Dec. 16, 2025). To the extent Plaintiff asserts a claim under § 51.002, her claim fails as a matter of law.

Defendant also argues that to the extent Plaintiff's claim can be interpreted as a wrongful foreclosure claim, her claim still fails because Plaintiff has not plead that a foreclosure sale has taken place.[17] "To state a claim for wrongful foreclosure under Texas law, plaintiff must plead: '(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; (3) and a causal connection between the defect and the grossly inadequate selling price.'" Id. (quoting Charter National Bank-Houston v. Stevens, 781 S.W.2d 368, 371 (Tex. App.-Houston [14th Dist.] 1990, writ denied)). Because Plaintiff obtained a temporary restraining order preventing foreclosure,[18] any claim for wrongful foreclosure fails as a matter of law.

---

[17]Id. at 6.

[18]Order Granting Plaintiff's Emergency Application for Temporary Restraining Order, Exhibit 4 to Defendant's Notice of Removal, Docket Entry No. 1-4, pp. 16-17.

**C.    Plaintiff's Claims for Injunctive and Declaratory Relief Fail.**

Plaintiff seeks injunctive and declaratory relief.[19] Defendant argues that because Plaintiff has not asserted any viable cause of action against it, Plaintiff is not entitled to such relief.[20]

Because Plaintiff does not have a viable cause of action, her request for injunctive and declaratory relief cannot stand alone. Scott v. JP Morgan Chase Bank, N.A., No. 4:13-cv-3211, 2014 WL 4167980, at *7 (S.D. Tex. Aug. 19, 2014) ("[T]he law is clear that injunctive relief is an equitable remedy, not a cause of action, and a claim for such relief should be dismissed when no substantive legal claims are pled."); Fermi Inc. v. Neugebauer, No. 5:26-CV-100-H, 2026 WL 1333405, at *10 (N.D. Tex. May 13, 2026) ("Thus, a party's request for declaratory relief depends on its ability to assert a viable substantive cause of action.").

**D.    The Court will not grant leave to amend.**

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend is not automatic, but a district court needs a substantial reason to deny a party's request for leave to amend." North Cypress Medical Center Operating Co., Ltd. v. Aetna Life Insurance Co., 898 F.3d 461, 477 (5th Cir. 2018). "[A] movant [seeking to cure a defective

---

[19]Original Petition, Exhibit 4 to Defendant's Notice of Removal, Docket Entry No. 1-4, pp. 6-7 ¶¶ 12-19.

[20]Defendant's MTD, Docket Entry No. 5, pp. 6-7.

-7-

pleading] must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects." <u>D.L. Markham DDS, MSD, Inc. 401(K) Plan v. Variable Annuity Life Insurance Co.</u>, 88 F.4th 602, 613-14 (5th Cir. 2023).

Plaintiff has not responded to Defendant's motion to dismiss and has not requested leave to amend. Plaintiff has not provided notice of any amendments she could make to cure the pleading deficiencies explained in Defendant's motion to dismiss. The court will therefore not grant leave to amend, and the court's dismissal of the Petition will be with prejudice.

### III.  <u>Conclusion and Order</u>

For the reasons stated above, the court concludes that Plaintiff has failed to state a claim upon which relief can be granted. Defendant's Motion to Dismiss (Docket Entry No. 5) is therefore **GRANTED,** and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 1st day of July, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-8-